UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DANIEL P. HOGAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV0565 JCH |
| COSMIC CONCEPTS, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss Under Rule 12(b)(6) filed by Defendant Brian Lazarus ("Lazarus") on August 8, 2011. The matter is fully briefed and ready for disposition.

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to the nonmoving party. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## BACKGROUND

Plaintiff Daniel P. Hogan ("Plaintiff") was employed as a program manager with Defendant Cosmic Concepts from June 2008 through April 2010. (Amended Petition for Damages (hereinafter "Complaint" or "Compl."), ECF No. 20, ¶¶1, 8-9, 12). In this capacity, Plaintiff promoted and marketed cigarettes for Cosmic Concepts in the St. Louis area. (Id., ¶13). His employment was terminated in April of 2010 after being informed that his services were no longer needed. (Id., ¶¶9, 17). The reason given for his termination was that Cosmic Concepts no longer considered the St. Louis area to be a viable market for menthol cigarettes and was discontinuing promoting them. (Id., ¶18). Defendants also informed Plaintiff that his services could not be used elsewhere in its business. (Id., ¶18).

Despite representing to Plaintiff that it was going to stop promoting tobacco products in St. Louis, Cosmic Concepts continued activity in the area and began hiring new employees. (Id., ¶¶20-21). After terminating Plaintiff, Cosmic Concepts advertised for "people to 'conduct promotions for [a] leading tobacco product with[in] an African American/Hispanic nightlife establishment in the St. Louis Metro, IL, and surrounding areas.'" (Id., ¶¶22-23, at Ex. A).[1]

On June 22, 2010, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). (See id., ¶24, at Ex. B). Plaintiff, a Caucasian, contends that he was fired because of his race and the race of

---

[1]Although Plaintiff refers to exhibits attached to his Amended Complaint, he did not attach any. The Court assumes that Plaintiff's Amended Complaint refers to the exhibits attached to his original complaint (ECF No. 5).

Cosmic Concepts' target market. (Id., ¶¶30-31; Ex. B). Plaintiff, however, did not mention Lazarus, or any of the individual defendants, in his charge of discrimination. (Ex

On December 10, 2010, the MCHR issued Plaintiff a "Notice of Right to Sue." (Id., ¶25). After receiving a right-to-sue letter from MCHR, Plaintiff filed the current action in the Circuit Court of the City of St. Louis, State of Missouri. (See ECF Nos. 1-1, 5). Defendant Cosmic Concepts removed the action to this Court on March 28, 2011. (ECF No. 1).

## DISCUSSION

I. **Failure to Name Lazarus in Plaintiff's Charge of Discrimination**

Lazarus argues that Plaintiff's Complaint should be dismissed because Plaintiff did not name Lazarus in the charge of discrimination filed with the EEOC and MCHR. The Missouri Human Rights Act requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. §213.075(1). Further, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994)(citing Mo. Rev. Stat. §§213.075, 213.111(1)). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." Id.

Generally, in order for a plaintiff to exhaust his administrative remedies he must name all of those alleged to be involved in the discriminatory behavior in his original administrative charge. See Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009). The purpose of naming a party in the charge of discrimination is to provide notice to the charged party and to provide an avenue for voluntary compliance. Id. (citing Glus v. G. C. Murphy Co., 562 F.2d 880, 888 (3rd Cir. 1977)).

- 3 -

For these goals to be met, the court must find "a substantial identity of interest between the parties sued and those charged." Id. In evaluating whether a substantial identity of interest exists, the court considers four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id., at 669-70. In Hill, the Missouri Supreme Court ultimately remanded the action to the trial court to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." Id. at 670.

The Hill test to determine whether a substantial identity of interest exists between the named and unnamed defendants is a fact-intensive analysis. To be able to properly analyze whether the Plaintiff's omission of Lazarus from the administrative charge prevents him from being a part of this proceeding, this Court must be able to accurately weigh the factors outlined in Hill. This information cannot be evaluated given the procedural posture of the case. The Court cannot grant a motion to dismiss because it has not been presented with all the relevant evidence to determine if a substantial identity of interest exists between Lazarus and Cosmic Concepts, the only defendant named in the charge. Given that the Court must weigh all allegations in favor of Plaintiff, the Court must deny Lazarus's Motion based upon Plaintiff's alleged failure to exhaust.

Lazarus also relies on Porter v. City of Lake Lotawana, No. 07-00461-CV-W-REL, 2009 U.S. Dist. LEXIS 27500 (W.D. Mo. Mar. 31, 2009) to support his position that Plaintiff has failed

to exhaust his administrative remedies with respect to his claim for individual liability against Lazarus. (Memorandum of Law in Support of Defendant Brian Lazarus's Motion to Dismiss ("Memorandum"), ECF No. 14, pp. 4-5)(citing Porter, at *145-47). In Porter, however, the district court granted summary judgment in favor of the individual defendant because the plaintiff could not "establish that an exception exists to the requirement that plaintiff identify him as a respondent in her charge of discrimination, she has failed to exhaust her administrative remedies[.]" Id., at *147.[2] Thus, the Porter court utilized discovery and the statement of facts to support its findings. The procedural posture of Porter does not support dismissal of this case at the motion to dismiss stage, particularly given the fact-intensive test outlined in Hill. Accordingly, this Court denies Lazarus's Motion to Dismiss based upon Plaintiff's alleged failure to exhaust his administrative remedies.

## II. Personal Jurisdiction

In a diversity action, a federal court may assume jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause. Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004)(citations omitted). Missouri's long-arm statute allows for jurisdiction over nonresident defendants to the extent allowable under the Due Process Clause. Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002)(citing FDIC v. Malmo, 939 F.2d 535, 537 (8th Cir. 1991)). Accordingly, the court looks "to the question whether the assertion of personal jurisdiction would violate the due process clause." Id.

To assert personal jurisdiction over a nonresident defendant, due process requires "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-

---

[2]The district court also held that the individual defendant was not entitled to judgment on the pleadings because the charge referenced the defendant by title. Id., at *146.

92 (1980)(citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 297.

This court has previously instructed that:

> There are two types of personal jurisdiction—general and specific. General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant may be subject to suit there for causes of action entirely distinct from the in-state activities; specific jurisdiction arises when the defendant has purposely directed its activities at the forum state, and the cause of action relates to those activities.

Norrise v. Union Pac. R.R., No. 4:07CV02095, 2008 U.S. Dist. LEXIS 56412, at *10 (E.D. Mo. 2008) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n. 8 (1984)). Accordingly, this Court could have personal jurisdiction over a defendant who did not have "continuous and systematic" contacts with this forum, so long as the cause of action relates to the activities performed by the defendant in this forum. Id. In other words, if Lazarus had no contact with the district other than the contacts that gave rise to this cause of action, this Court could nevertheless exercise personal jurisdiction.

Lazarus argues that this Court lacks the requisite personal jurisdiction over him. (Memorandum, pp. 8-11). Lazarus asserts that Plaintiff has not alleged any facts that would connect Lazarus with this jurisdiction or any involvement by Lazarus in Plaintiff's termination. (Id.). In his Declaration in Support of his Motion to Dismiss, Lazarus states that he never met Plaintiff and that he "did not supervise the employment of Plaintiff Daniel P. Hogan, nor was [he] involved in any decisions with respect to Mr. Hogan's employment with Cosmic Concepts, including the decision to discharge Mr. Hogan from his employment with Cosmic Concepts." (ECF No. 14-1, ¶¶8-9).

In turn, Plaintiff asserts that he sufficiently alleged facts in his Complaint to support specific jurisdiction for Lazarus. Plaintiff claims that Lazarus engaged in purposeful conduct directed at this jurisdiction. (Plaintiff's Memorandum in Opposition to Defendant Brian Lazarus's Motion to Dismiss ("Response"), ECF No. 22, p. 8). Specifically, Plaintiff asserts that his Complaint alleges "defendants' joint actions" whereby they "made decisions and considerations related to the St. Louis, Missouri employees of a St. Louis office regarding how they interact with potential customers in St. Louis to push a product in the St. Louis, Missouri market in violation of Missouri law." (Response, p. 8 (citing Compl., ¶¶1, 3, 5, 7, 10, 15-18, 20-22, 35)). Plaintiff contends that Cosmic Concepts and its individual, "non-corporate defendant employees, engaged in acts and decisions that directly and specifically affected Plaintiff's employment in *Missouri*, while employed solely in *Missouri* related to a business relationship with a customer in *Missouri*, related to a market place existing in *Missouri*, and that those acts and decisions were in violation of *Missouri* law." (Response, p. 10)(emphasis in original).

Here, the parties do not dispute that Lazarus is a non-resident defendant and both parties admit that this Court's jurisdiction is not based upon any physical contacts with the forum. See Response, p. 8 (noting that the "law does not require Mr. Lazarus's physical presence to maintain jurisdiction"). The Court nevertheless accepts that it might be possible that "the defendant has purposely directed [his] activities at the forum state, and the cause of action relates to those activities." Norrise, 2008 U.S. Dist. LEXIS 56412, at *10. To establish personal jurisdiction, Plaintiff must identify specifically how Lazarus was involved in the alleged wrongdoing and how that involvement would allow this court to establish personal jurisdiction. Plaintiff, however, does not identify any specific facts to support Lazarus's involvement in his termination; Plaintiff's Complaint never even refers to Brian Lazarus by name. Instead, Plaintiff's allegations regarding the actions of

- 7 -

Lazarus are general and vague and do not allege any facts for this Court to determine personal jurisdiction for Lazarus. Plaintiff relies on the mere fact that Lazarus acted as the Cosmic Concept's corporate vice president and somehow "made decisions and considerations related to the St. Louis Missouri employees." (Response, p. 8). Accordingly, this Court cannot find that Lazarus alleges facts to support a finding of personal jurisdiction over Lazarus. The Court dismisses Plaintiff's Complaint, without prejudice. The Court grants Plaintiff until Thursday, October 13, 2011, to correct these pleading deficiencies, if possible.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Under Rule 12(b)(6) is **GRANTED**. Plaintiff is granted until **Thursday, October 13, 2011** to file an amended complaint in accordance with the foregoing.

Dated this   29th   day of September, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE