UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL P. HOGAN, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV565 |
| ) | |
| COSMIC CONCEPTS, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motions to Dismiss under Rule 12(b)(2) filed by Defendants Brian Lazarus and Tim Matthews. (ECF Nos. 48, 50). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Daniel P. Hogan ("Plaintiff") was employed as a program manager with Defendant Cosmic Concepts from June 2008 through April 2010. (Second Amended Complaint, ECF No. 41, ¶¶1, 13-14, 17). In this capacity, Plaintiff promoted and marketed cigarettes for Cosmic Concepts in the St. Louis area. (Id., ¶¶18, 20). At this time, Defendant Brian Lazarus was the Vice President of Cosmic Concepts, and Defendant Tim Matthews was the National Program Director of Cosmic Concepts. (Id., ¶¶7-8).

Plaintiff's employment was terminated in April of 2010 after Plaintiff was informed that his services were no longer needed. (Id., ¶¶14, 30). The reason given for his termination was that Cosmic Concepts no longer considered the St. Louis area to be a viable market for menthol cigarettes and was discontinuing promoting them. (Id., ¶30). Plaintiff was told his services could not be used elsewhere in Cosmic Concepts's business. (Id., ¶31).

Despite representing to Plaintiff that it was going to stop promoting tobacco products in St. Louis, Cosmic Concepts continued activity in the area and began hiring new employees. (Id., ¶¶33, 35). After terminating Plaintiff, Cosmic Concepts advertised for "people to 'conduct promotions for a leading tobacco product within African-American/Hispanic nightlife establishments in St. Louis Metro, IL, and surrounding areas.'" (Id., ¶36; Ex. A)

On June 22, 2010, Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"). (See id., ¶38; Ex. B). Plaintiff, a Caucasian, contends that he was fired because of his race and the race of Cosmic Concepts's target market. (Id., ¶¶44-46; Ex. B).

On December 10, 2010, the MCHR issued Plaintiff a "Notice of Right to Sue." (Id., ¶39). After receiving the right-to-sue letter from MCHR, Plaintiff filed the current action in the Circuit Court of the City of St. Louis, State of Missouri. (See ECF Nos. 1-1, 5). Defendant Cosmic Concepts removed the action to this Court on March 28, 2011. (ECF No. 1).

On August 2, 2011, Defendant Lazarus filed a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6), asserting that the Court lacked personal jurisdiction over Defendant Lazarus and that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Lazarus. (See ECF Nos. 13, 14). The Court granted Defendant Lazarus's motion on personal jurisdiction grounds, and the Court dismissed Plaintiff's Complaint without prejudice. (See ECF No. 38). The Court also granted Plaintiff until October 13, 2011, to file an amended complaint to correct Plaintiff's pleading deficiencies. (See ECF No. 38). Plaintiff filed his Second Amended Complaint on October 12, 2011. (See ECF No. 41).

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**I.      Standard**

In a diversity action, a federal court may assume jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause. Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004)(citations omitted). Missouri's long-arm statute allows for jurisdiction over nonresident defendants to the extent allowable under the Due Process Clause. Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002)(citing FDIC v. Malmo, 939 F.2d 535, 537 (8th Cir. 1991)). Accordingly, the court looks "to the question whether the assertion of personal jurisdiction would violate the due process clause." Id.

To assert personal jurisdiction over a nonresident defendant, due process requires "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980)(citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 297.

This court has previously instructed as follows:

> There are two types of personal jurisdiction—general and specific. General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant may be subject to suit there for causes of action entirely distinct from the in-state activities; specific jurisdiction arises when the defendant has purposely directed its activities at the forum state, and the cause of action relates to those activities.

Norrise v. Union Pac. R.R., No. 4:07CV02095, 2008 U.S. Dist. LEXIS 56412, at *10 (E.D. Mo. 2008) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n. 8 (1984)). Accordingly, this Court could have personal jurisdiction over a defendant who did not have

"continuous and systematic" contacts with this forum so long as the cause of action relates to the activities performed by the defendant in this forum. Id. In other words, if Defendants Lazarus and Matthews had no contact with this district other than the contacts that gave rise to this cause of action, this Court could nevertheless exercise personal jurisdiction over them.

**II.     Discussion**

Defendants Lazarus and Matthews argue that this Court lacks the requisite personal jurisdiction over them. Defendant Lazarus asserts the sole allegation against him is that he had knowledge of the telephone call that resulted in Plaintiff's termination, and that such knowledge does not show his involvement in Plaintiff's termination. (Memorandum in Support of Motion to Dismiss Party Defendant Brian Lazarus, ECF No. 49, p. 3). Defendant Lazarus also asserts that the new facts Plaintiff added to his Second Amended Complaint are vague and fail to specify what actions Defendant Lazarus took with regards to Plaintiff's termination. (Id., pp. 3, 7). Therefore, Defendant Lazarus argues Plaintiff has failed to provide any factual allegations concerning Defendant Lazarus's involvement in Plaintiff's termination, and that in the absence of such allegations, this Court lacks personal jurisdiction over Defendant Lazarus. (Id., p. 7).

Similarly, Defendant Matthews asserts Plaintiff has failed to provide any factual allegations indicating Defendant Matthews was involved in Plaintiff's termination. (Memorandum in Support of Motion to Dismiss Party Defendant Tim Matthews, ECF No. 51, p. 4). Defendant Matthews also asserts Plaintiff was "on notice" of previous jurisdictional defects when he filed his Second Amended Complaint, and that the new allegations against Defendant Matthews in Second Amended Complaint nonetheless fall short of establishing personal jurisdiction over Defendant Matthews. (Id., p. 4).

In response, Plaintiff asserts he sufficiently alleged facts in his Second Amended Complaint to support a finding of specific jurisdiction over Defendants Lazarus and Matthews. Plaintiff claims

Defendants Lazarus and Matthews engaged in purposeful conduct directed at this jurisdiction. (Plaintiff's Memorandum in Opposition to Motions to Dismiss Party Defendants Brian Lazarus and Tim Matthews ("Response"), ECF No. 52, p. 3). Plaintiff states his Second Amended Complaint alleges "Defendants made decisions and considerations related to the St. Louis, Missouri employees of a St. Louis office regarding how they interact with potential customers in St. Louis to push a product in the St. Louis, Missouri market in violation of Missouri law." (Id., p. 8 (citing Second Amended Complaint, ECF No. 41)). Thus, according to Plaintiff, "[e]very allegation involves the Defendants' actions in and related to the forum." (Id., p. 3). Plaintiff contends Cosmic Concepts and its individual, "non-corporate defendant employees engaged in acts and decisions that directly and specifically affected Plaintiff's employment in *Missouri*, while employed solely in *Missouri* related to a business relationship with a customer in *Missouri*, related to a marketplace existing in *Missouri*, and that those acts and decisions were in violation of *Missouri* law." (Id., p. 5)(emphasis in original).

Here, Plaintiff must show his cause of action relates to activities performed by Defendants in this forum. The parties do not dispute that Defendants Lazarus and Matthews are non-resident defendants, and the parties admit that this Court's jurisdiction over Defendants Lazarus and Matthews is not based on their physical contacts with the forum. (See id., p. 3 (noting that the "law does not require the Defendants' physical presence to maintain jurisdiction")). After granting Defendant Lazarus's previous Motion to Dismiss, the Court instructed Plaintiff to specifically identify how Defendant Lazarus was involved in the alleged wrongdoing and how that involvement would allow the Court to establish personal jurisdiction over him. (Memorandum and Order, ECF No. 41, p. 7). As the Court noted, "Plaintiff relies on the mere fact that Lazarus acted as the Cosmic Concept's corporate vice president and somehow 'made decisions and considerations related to the St. Louis Missouri employees.'" (Id., p. 8)(citing Response, p. 8)). Plaintiff acknowledges the allegations in

- 5 -

his Second Amended Complaint were also prepared specifically to identify how Defendant Matthews was involved in the alleged wrongdoing and how that involvement would allow the Court to establish personal jurisdiction over him. (See Response, ECF No. 52, p. 2)(noting Plaintiff amended his Complaint "with an eye toward Mr. Matthews's jurisdictional claims").

The allegations in Plaintiff's Second Amended Complaint continue to lack the required specificity for a finding that this Court exercises personal jurisdiction over Defendants Lazarus and Matthews. These allegations arise solely out of Defendants Lazarus's and Matthews's respective positions as the Vice President and National Program Director of Cosmic Concepts. While Plaintiff asserts Defendant Lazarus's position "required him to have input regarding and authority over policies and programs designed to increase the distribution and visibility of menthol cigarettes in the greater St. Louis metropolitan area" and that Defendant Lazarus "participated or acquiesced in Defendant Tim Matthews's suggestion to replace Plaintiff and other employees in the St. Louis market with racial minorities," Plaintiff does not identify any particular actions Defendant Lazarus took to design or implement these policies and programs. (Second Amended Complaint, ECF No. ¶¶25-26). Similarly, while Plaintiff asserts Defendant Matthews "suggested certain policies and programs to increase the distribution and visibility of menthol cigarettes in the greater St. Louis metropolitan area" and notes these policies and programs "included a plan to replace Plaintiff and other employees in the St. Louis market with racial minorities," Plaintiff presents no evidence of the substance of these policies and programs nor how Defendant Matthews created them. (Id., ¶¶21, 23).

Accordingly, this Court cannot find that Plaintiff alleges facts to support a finding of personal jurisdiction over Defendants Lazarus and Matthews. This Court previously permitted Plaintiff to amend his Complaint to allege facts sufficient to support a finding of personal jurisdiction over

Defendant Lazarus, and Plaintiff admits the allegations in his Second Amended Complaint were similarly designed to assert personal jurisdiction over Defendant Matthews. Therefore, the Court dismisses Plaintiff's Second Amended Complaint as to Defendants Brian Lazarus and Tim Matthews.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brian Lazarus's and Defendant Tim Matthews's Motions to Dismiss Under Rule 12(b)(2) (ECF Nos. 48, 50) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Brian Lazarus and Tim Matthews are **DISMISSED** as Defendants in this action.

Dated this  30th  day of November, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE